IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES BAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-821-DWD |
| | ) | |
| **CYPRESS ILLINOIS SCHOOL** | ) | |
| **DISTRICT NO. 64,** | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Before the Court is a Combined Motion to Dismiss Plaintiff's Complaint and Alternative Motion to Strike Plaintiff's Prayer for Punitive Damages (Doc. 7) filed by Defendant Cypress Elementary School District No. 64, improperly named Cypress Illinois School District No. 64 (the "District"). Plaintiff James Baker ("Mr. Baker") has responded (Doc. 11). Mr. Baker opposes the District's motion to dismiss but agrees that the request for punitive damages must be stricken. Additionally, Mr. Baker seeks leave to file an amended complaint.[1] Based on the record and the following, the Motion to Dismiss is **GRANTED**. The request to strike Plaintiff's prayer for punitive damages is

---

[1] Mr. Baker's request to amend was filed 27 days after service of the Motion to Dismiss (Doc. 7). Therefore, the request to amend occurred outside the window within which a plaintiff may amend a complaint as a matter of course. FED. R. CIV. P. 15(a)(1)(B).

terminated as **MOOT**. Plaintiff is granted leave to file a First Amended Complaint on or before March 14, 2022.

### Background[2]

Prior to this litigation, Mr. Baker had been employed by the District as a custodian and maintenance employee at Cypress Elementary School for seven years, including as the head custodian for the last four years of his employment (Doc. 1, p. 2). Sometime after professional athletes began kneeling during the National Anthem, the District's Superintendent, Kimberly Shoemaker ("Ms. Shoemaker"), created a policy providing that athletes from visiting schools did not have to stand for the National Anthem when competing on the District's Property (Doc. 1, p. 2). Mr. Baker, a military veteran, believes that kneeling during the National Anthem is disrespectful to the flag and the nation. As such, Mr. Baker placed a series of signs along the road on his property that, read in succession, said: "If you don't believe in standing for the National Anthem, you can turn around and go home (Doc. 1, p. 3)." Mr. Baker lives across the street from Cypress Elementary School in a location where every bus had to drive past his yard and all athletes would see the signs in his yard (Doc. 1, p. 3).

Ms. Shoemaker told Mr. Baker that the signs in his yard were offensive, but he refused to remove them (Doc. 1, p. 3). Subsequently, the Mayor of Cypress told Mr. Baker that Ms. Shoemaker asked the mayor to have the signs removed (Doc. 1, p. 3). The mayor,

---

[2] The factual allegations are taken from the Complaint and are deemed true for the purpose the motion to dismiss.

however, concluded that the signs could not be removed because they were located on Mr. Baker's property (Doc. 1, p. 3). Undeterred, Ms. Shoemaker began harassing Mr. Baker at work in an effort to force him to resign (Doc. 1, p. 3). She nitpicked his work, accused him of "stealing time" based on him interacting with children (including his grandchildren) while performing his job duties, claimed he was taking unauthorized breaks, and made false claims about his salary. Ms. Shoemaker also demanded that Mr. Baker change his work hours, but then complained about his schedule.

Mr. Baker did not resign, and, on March 16, 2021, Ms. Shoemaker asked the local schoolboard to terminate his employment by not renewing his annual employment contract (Doc. 1, p. 4). In support of her request, Ms. Baker falsely claimed Mr. Baker was guilty of misconduct in performing his job duties (Doc. 1, p. 4). Relying on Ms. Baker's false claims of misconduct, the schoolboard voted not to renew Mr. Baker's employment contract (Doc. 1, p. 4). After the schoolboard meeting, Ms. Shoemaker told Mr. Baker she sought his termination because of the signs he had placed in his yard (Doc. 1, p. 4).

### Plaintiff's Claims

Mr. Baker's Complaint alleges one count of First Amendment retaliation pursuant to 42 U.S.C. § 1983. According to the Complaint, Ms. Shoemaker implemented a policy providing that "athletes from visiting schools did not have to stand for the National Anthem when competing on Defendant's property." When Mr. Baker exercised his First Amendment right to protest this policy, Ms. Shoemaker allegedly retaliated by falsely accusing him of misconduct and asking the schoolboard not to renew his employment contract. Ms. Shoemaker, however, is not a named defendant. Instead, Mr. Baker's

3

retaliation claim is directed against the District, which Mr. Baker claims had a "custom or policy of prohibiting employees from speaking out on matters of public concern."

## Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

In the instant case, Mr. Baker must establish the District's liability via *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under *Monell*, the District cannot be held vicariously liable for the actions of its agent or employee. *Los Angeles Cty. V. Humphries*, 562 U.S. 29, 35-36 (2010). Rather, it can be liable only for its own actions and corresponding harm. *Id*. "The critical question under *Monell* [is] this: is the action about which the plaintiff is complaining one of the institution itself, or is it merely one undertaken by a subordinate actor?" *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (en banc). An action is one of the "institution itself" when the municipality's "official policy, widespread custom, or action by an official with policy-

making authority was the 'moving force' behind [the] constitutional injury." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (citing *Monell*, 436 U.S. 658; *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)).

Here, Mr. Baker alleges that the District had a "custom or policy of prohibiting employees from speaking out on matters of public concern," and that Ms. Shoemaker had a policy of allowing athletes to kneel during the National Anthem. The Complaint, however, does not allege that either policy was the "moving force" behind the schoolboard's decision not to renew Mr. Baker's employment contract. Rather, according to the Complaint, the schoolboard's decision was "based solely on" Ms. Shoemaker's "false claims of misconduct." Thus, the Complaint fails to allege a causal connection between the stated policies and the alleged constitutional violation. Absent such allegations, the Complaint fails to state a plausible claim for relief against the District. *Est. of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (When determining whether Plaintiff has satisfied his pleading burden, the Court looks to see if "the complaint alleges a direct causal link between a policy or custom of [the District] and the alleged constitutional violations.") (citation omitted).

In responding to the District's motion, Plaintiff focuses on Ms. Shoemaker's alleged misconduct, arguing that the District is subject to liability because Ms. Shoemaker "engaged in a campaign of retaliation pursuant to her related policy or custom or prohibiting employees from speaking in opposition to her preferred opinions on matters of public concern." A campaign that eventually culminated in Mr. Baker's termination. This argument, however, cannot save Mr. Baker's claim against the District.

Plaintiff's argument implicates the third type of *Monell* claim – a loss occasioned by a person with final policymaking authority. "Whether a particular official has final policymaking authority is a question of state law." Illinois law requires school superintendents to submit personnel recommendations to the school district's board of education ("the board"). *See* 105 ILCS 5/10-21.4; *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1061 (7th Cir. 1998). "The right to employ, discharge, and layoff shall be vested solely with the board." 105 ILCS 5/34-8.1. "Nothing in the School Code allows [the Court] to infer that a superintendent or principal has been delegated policymaking authority with respect to personnel decisions." *Duda*, 133 F.3d at 1061. *See also Horwitz v. Bd. Of Educ. Of Avoca Sch. Dist. No. 37*, 260 F.3d 602 (7th Cir. 2001) (under Illinois law, school board president, district superintendent, and school principal did not have final policymaking authority with respect to personnel decisions, and thus they could not be held liable under Section 1983 in their official capacities for alleged retaliatory conduct in terminating teacher's employment).

Considering the above, the Court finds that Illinois law provides no basis for concluding that Ms. Shoemaker had final policymaking authority regarding employment decisions. The Court further finds that the Complaint is devoid of allegations that would otherwise suggest the District is subject to *Monell* liability for Ms. Shoemaker's alleged retaliatory conduct.

## Disposition

The Complaint is subject to dismissal because Mr. Baker has not alleged facts that, if true, would give rise to municipal liability under *Monell*. Accordingly, the District's

6

Motion to Dismiss (Doc. 7) is **GRANTED**. The Complaint is **DISMISSED without prejudice.** Plaintiff is granted leave to file a **First Amended Complaint** on or before **March 14, 2022**.[3] The request to strike the prayer for punitive damages is **DENIED as moot.**

    **IT IS SO ORDERED.**

    **DATED: February 11, 2022**

                                                **DAVID W. DUGAN**
                                                **United States District Judge**

---

[3] The Court notes that Mr. Baker's Response (Doc. 11) includes a proposed amended complaint. If Mr. Baker elects to file a First Amended Complaint as set forth in this Order, he is not required to proceed on the previously filed proposed amended complaint (Doc. 11-1).